*132 OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and matter remanded to the court below for a determination de novo following a hearing on the issue of whether Peter Rubinton, Esq. is an officer, director, member, or employee of plaintiff.
Plaintiff commenced this breach of contract and account stated action to recover $12,516.64, plus interest, for legal services it provided to defendant. Defendant answered and asserted that he adequately compensated plaintiff, disputed the last bill he received, and counterclaimed for $1,000,000 in damages due to plaintiffs alleged ineffective representation and overcharges. In July 2000, defendant served plaintiff with a notice to take the oral deposition of Peter Rubinton, Esq., the attorney who handled his matrimonial action. The court directed depositions to be taken in October 2000. Rubinton was not produced for deposition and, in January 2001, defendant moved to compel Rubinton’s deposition. Plaintiff contends, inter alia, that Rubinton is a retired member of the firm who resides in Florida, is not a party to the proceedings, and cannot be compelled to provide a deposition in New York.
It is uncontroverted that Rubinton’s name remains part of plaintiffs law firm name and he is listed as “of counsel” on plaintiffs letterhead. Clearly, the name of a retired or deceased former member of a law firm may remain part of the firm’s name and such person may well have no other relationship with the firm. However, being “of counsel” to, or a retired member of, a law firm does not necessarily establish that such person does not fall within the ambit of CPLR 3110 (1). The court below did not specifically address Rubinton’s “of counsel” or retired status, and we find that the appellate record contains insufficient evidence upon which a determination of Rubinton’s relationship to plaintiff can be made. The scope of Rubinton’s relationship with plaintiff must first be addressed. Accordingly, the order is reversed and the matter remanded to the court below for a determination de novo following a hearing to ascertain whether Rubinton is an officer, director, member, or employee of plaintiff.
Floyd, P.J., Doyle and Winick, JJ., concur.